Of Counsel:
FUKUNAGA MATAYOSHI CHING & KON-HERRERA, LLP

| | |
|---|---|
| WESLEY H. H. CHING | 2896 |
| SHEREE KON-HERRERA | 6927 |
| JENNIFER C. CLARK | 4497 |

1200 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 533-4300
Facsimile:  (808) 531-7585
Email: whc@fmhc-law.com
       skh@fmhc-law.com
       jcc@fmhc-law.com

Attorneys for Plaintiff
UNITED STATES FIRE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, a foreign corporation, | CV 18-00233 JAO-KJM<br>(Declaratory Judgment) |
| Plaintiff, | FINDINGS AND RECOMMENDATION GRANTING PLAINTIFF UNITED STATES FIRE INSURANCE COMPANY'S MOTION FOR DEFAULT JUDGMENT ONLY AS TO ROMEO RAMIRO |
| vs. | |
| SIU'S ELECTRIC CORP., ROMEO RAMIRO and DOES 1-10, | |
| Defendants. | |
| | Hearing:<br>Date:  November 29, 2018<br>Time:  10:00 a.m.<br>Judge:  Hon. Kenneth Mansfield |
| | No Trial Date |

# FINDINGS AND RECOMMENDATION GRANTING PLAINTIFF UNITED STATES FIRE INSURANCE COMPANY'S MOTION FOR DEFAULT JUDGMENT ONLY AS TO ROMEO RAMIRO

Before this Court is Plaintiff UNITED STATES FIRE INSURANCE COMPANY'S ("U.S. Fire") Motion for Default Judgment. Said Motion came on for hearing on November 29, 2018 at 10:00 a.m., with Jennifer C. Clark appearing on behalf of Plaintiff U.S. Fire and Bradford F.K. Bliss appearing on behalf of Defendant Siu's Electric Corp ("Siu's Electric"). Upon calling the case, Defendant Romeo Ramiro ("Ramiro") did not appear nor did any counsel appear on his behalf. Upon careful consideration of the Motion, the supporting memoranda, and the arguments of counsel the Court hereby finds and recommends that U.S. Fire's Motion be GRANTED only as to Ramiro.

## I. BACKGROUND

The instant declaratory judgment action was brought by U.S. Fire in order to obtain a judicial determination as to its defense and indemnity obligations, if any, to Ramiro under the U.S. Fire Policy issued to Siu's Electric for the claims brought against Ramiro in the civil action *Renee Malacas, et al, v. Siu's Electric Corp., et al.*, in the Circuit Court of the First Circuit, State of Hawaii, Civil No. 17-1-1967-12 GWBC, (the "Underlying Lawsuit"). *See* ECF No. 1-1.

### A.     The Underlying Lawsuit

On December 1, 2017, Plaintiffs Renee Malacas and Carolina Lau (collectively "Malacas" or "Underlying Plaintiffs") filed the Underlying Lawsuit against Defendants Siu's Electric and Romy Romero (sic), alleging that on or about December 18, 2015, the Malacas and their son were invited guests to Siu's Electric's Christmas party located on Siu's Electric's property.  ECF No. 1-1. Toward the end of the Christmas Party, Ramiro mixed some acetylene from an unsecured storage area with some gasoline in a trash bag.  At the same time, the Malacas and their son were assisting in the cleanup in close proximity to Ramiro. The Malacas were unaware that Ramiro was holding the trash bag with the mixture of acetylene and gasoline.  The trash bag held by Ramiro exploded ("the explosion") without warning with a loud sound.  *Id*.

The Underlying Lawsuit alleges that prior to the explosion, Siu's Electric knew or should have known that Ramiro was mixing gasoline and acetylene.  The Underlying Lawsuit also alleges that prior to the explosion, Siu's Electric knew or should have known that Ramiro needed to be strictly supervised because Ramiro had previously acted inappropriately and/or negligently.  The Underlying Lawsuit also alleges that prior to the explosion, Siu's Electric had the ability and opportunity to supervise, restrict, and control Defendant Ramiro's conduct at the Christmas Party so as not to cause an unreasonable risk of harm to guests such as

the Malacas. The Underlying Lawsuit also alleges that prior to the explosion, Ramiro was warned several times by other Siu's Electric supervisors and employees not to mix gasoline and acetylene as he had previously done. *Id*.

The Underlying Lawsuit alleges that the explosion was the proximate cause of Underlying Plaintiffs' bodily injuries, severe emotional distress, medical and other expenses and other damages. The Underlying Lawsuit contains five counts against Underlying Defendants Siu's Electric and Ramiro including negligence, gross negligence, strict liability, and liability of Siu's Electric based on the doctrine of *respondeat superior*. The Underlying Lawsuit prays for general and special damages, punitive damages, pre-judgment interest, attorneys' fees and costs, and for such other and further relief as the Court may deem just and proper. *Id*.

Siu's Electric tendered the defense of Siu's Electric and Ramiro for the Underlying Lawsuit to U.S. Fire, which is providing a defense to both Defendants subject to a reservation of its rights. *See* ECF No. 1.

**B.    Procedural History of the Declaratory Judgment Lawsuit**

On June 15, 2018, U.S. Fire filed its Complaint for Declaratory Judgment against Defendants Siu's Electric and Ramiro. *Id*. On July 18, 2018, the Summons and Complaint were personally served on Ramiro at his residence. ECF No. 8. On July 26, 2018, the Summons and Complaint were personally served on

Gary Siu, Vice President and Agent of Siu's Electric at Siu's Electric Corp's address.  ECF No. 9.

On August 31, 2018, U.S. Fire filed its Request for Entry of Default against Siu's Electric and Ramiro on the basis that the time had expired within which Siu's Electric and Ramiro could have answered, moved, defended or responded to U.S. Fire's Complaint, as provided in Fed. R. Civ. P. 12(a)(1)(A).  Fed. R. Civ. P. 12 provides in relevant part:

> **(a) Time to Serve a Responsive Pleading.**
> **(1)** *In General.* Unless another **time** is specified by this rule or a federal statute, the **time** for serving a responsive pleading is as follows:
> **(A)** A defendant must serve an **answer**:
> **(i)** within 21 days after being served with the summons and complaint;
> \*\*\*
> **(b) How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> **(1)** lack of subject-matter jurisdiction;
> **(2)** lack of personal jurisdiction;
> **(3)** improper venue;
> **(4)** insufficient process;
> **(5)** insufficient service of process;
> **(6)** failure to state a claim upon which relief can be granted; and
> **(7)** failure to join a party under Rule 19.
>
> A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. \*\*\*

Under Rule 12(a) or (b), above, an answer or a motion must have been filed, respectively, by Siu's Electric Corp. and Ramiro within 21 days after the Summons and Complaint were served.  For Ramiro, the time to file an answer or to file a Rule 12(b) motion to dismiss the Complaint was 21 days after service on July 18,

2018, or August 2, 2018.  For Siu's Electric, the time to file an answer or to file a Rule 12(b) motion to dismiss the Complaint was 21 days after service on July 26, 2018, or August 16, 2018.  No answer, responsive pleading, other defense or response was filed by either Siu's Electric or Ramiro by those dates.  In addition, neither Siu's Electric nor Ramiro had requested any extension to the Federal Rules of Civil Procedure's deadlines.

On August 31, 2018, the Clerk filed the Entry of Default as to Siu's Electric and Ramiro, pursuant to Fed. R. Civ. P. 55(a).  ECF No. 14.  After U.S. Fire filed its Motion for Default Judgment against Siu's Electric and Ramiro,[1] counsel for Siu's Electric Corp. contacted counsel for U.S. Fire.  ECF No. 25, 25-1. In a spirit of cooperation, U.S. Fire and its named insured on the Policy,[2] Siu's Electric, agreed to stipulate to set aside the Entry of Default as to Siu's Electric in this case. *Id*.  The Stipulation to Set Aside Entry of Default as to Siu's Electric. ("Stipulation") was approved by the Court on November 13, 2018.  ECF No. 24.

As a result of the Stipulation, U.S. Fire no longer seeks a Default Judgment against Defendant Siu's Electric Corp.  However, U.S. Fire still seeks a Default Judgment against Defendant Ramiro and a Declaratory Judgment that, under the

---

[1] Ramiro was served with a copy of the Motion for Default Judgment on October 19, 2018. ECF No. 22.

[2] U.S. Fire Policy No. 503826528 for the policy period 2/27/15 to 2/27/16 issued to Siu's Electric Corp. (the "Policy). Exh. "2-B", ECF No. 1-2.

Policy, U.S. Fire owes no duty to defend or indemnify Defendant Ramiro in the Underlying Lawsuit.

On November 8, 2018, Siu's Electric filed a "Statement of Position as to Plaintiff United States Fire Insurance Company's Motion for Default Judgment filed October 15, 2018" ("Statement").  ECF No. 23.  In that Statement, Siu's Electric articulates that it "takes no position" with respect to U.S. Fire's Motion for Default Judgment "to the extent that U.S. Fire's motion is strictly limited to a determination of [U.S. Fire's] duty to defend and indemnify Defendant Ramiro, and does not seek any ruling from this Court concerning U.S. Fire's duty under its policy to defend or indemnify Siu's for the claims alleged in the Underlying Lawsuit[.]"  As a result, no opposition has been filed to U.S. Fire's Motion for Default Judgment as to Defendant Ramiro or the requested Declaratory Judgment that, under the Policy, U.S. Fire has no duty to defend or indemnify Ramiro in the Underlying Lawsuit.

### 2. THE U.S. FIRE POLICY

Siu's Electric was issued U.S. Fire Policy No. 503826528 for the policy period 2/27/15 to 2/27/16 (the "Policy"). ECF No. 1-2.  The Policy's Commercial General Liability Coverage Part ("CGL Part") provides a General Aggregate Limit of $2,000,000, a $1,000,000 Each Occurrence Limit for Bodily Injury and Property Damage and a $500.00 deductible per occurrence.  The CGL Part was written on

ISO Form CG 00 01 12 07 and, as amended by various endorsements, provided in relevant part:

> **SECTION I – COVERAGES**
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1. Insuring Agreement**
>    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" … to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…
>    **b.** This insurance applies to "bodily injury" and "property damage" only if:
>       (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>       (2) The "bodily injury" or "property damage" occurs during the policy period;
>       \*   \*   \*
>    **e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury."
>       \*   \*   \*
> **SECTION II – WHO IS AN INSURED**
>    \*   \*   \*
> **2.** Each of the following is also an insured:
>    **a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your employees, … or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.
>       \*   \*   \*
>                 [End of Policy Excerpts]

## II.   DISCUSSION

Upon careful consideration of the materials submitted by U.S. Fire, together with the instant Motion, this Court finds that the terms and conditions of the subject U.S. Fire Policy do not afford Ramiro coverage for the claims alleged

against him in the Underlying Lawsuit. Accordingly, based on U.S. Fire's supporting documentation, Ramiro's failure to respond to U.S. Fire's Complaint, the Entry of Default against Ramiro, and the appropriateness of default judgment after consideration of the factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1991), this Court hereby recommends that the district court grant default judgment against Ramiro.

### A. U.S. Fire Has No Duty to Defend or Indemnify Ramiro in the Underlying Lawsuit

#### 1. Hawaii Law Governing Duty to Defend and Duty to Indemnify

As the basis for jurisdiction in this case is diversity jurisdiction pursuant to 28 U.S.C. § 1332, Hawaii substantive law applies to the determination of whether U.S. Fire has a duty to defend or indemnify Ramiro. *See, e.g., Burlington Ins. Co. v. United Coatings Mfg. Co.*, 518 F. Supp. 2d 1241, 1246 (D. Haw. 2007). Under Hawaii law, courts are to look to the plain language of the insurance policy to determine the scope of the insurer's duties. *Dairy Rd. Partners v. Island Ins. Co., Ltd.*, 92 Hawai'i 398, 411, 992 P.2d 93, 106 (2000); *Burlington Ins. Co. v. Oceanic Design & Const. Inc.*, 383 F.3d 940, 945 (9th Cir. 2004). "In the context of insurance coverage disputes, [the court] must look to the language of the insurance policies themselves to ascertain whether coverage exists, consistent with the insurer and insured's intent and expectations." *Hawaiian Ins. & Guar. Co. v. Fin. Sec. Ins. Co.*, 72 Hawai'i 80, 87, 807 P.2d 1256, 1260 (1991) (citation omitted).

At the same time, insurance policies are to be construed "in accordance with the reasonable expectations of a layperson." *Hawaiian Isle Adventures, Inc. v. N. Am. Capacity Ins. Co.,* 623 F. Supp. 2d 1189, 1194 (D. Haw. 2009*)* (citation omitted). "[B]ecause insurance contracts are contracts of adhesion, they must be construed liberally in favor of the insured, and any ambiguity must be resolved against the insurer." *Id.* (citation omitted). "[I]nsurers have the same rights as individuals to limit their liability and to impose whatever conditions they please on their obligation, provided they are not in contravention of statutory inhibitions or public policy." *Dairy Rd. Partners*, 92 Hawai'i at 411, 992 P.2d at 106 (brackets and citations omitted).

The duty to defend under Hawaii insurance law is broad, and "arises wherever there is the mere potential for coverage." *Commerce & Indus. Ins. Co. v. Bank of Hawai'i*, 73 Hawai'i 322, 326, 832 P.2d 733, 735 (1992) (citations omitted). Hawaii courts look to the "complaint allegation rule," to determine whether an insurer has a duty to defend by analyzing whether the claims and facts alleged fall within the terms of coverage of the insurance contract. *See Burlington,* 383 F.3d at 944; *Hawaiian Holiday Macadamia Nut Co. v. Indus. Indem. Co.*, 76 Hawai'i 166, 169, 872 P.2d 230, 233 (1994). Where the claims in the complaint fail to allege any basis for recovery within the coverage clause, the insurer has no obligation to defend. *Hawaiian Holiday*, 76 Hawai'i at 169, 872 P.2d at 233. The

obligation to defend is broader than the duty to pay claims and arises wherever there is the mere potential or possibility of coverage. In other words, the duty to defend rests primarily on the possibility, even if remote, that coverage exists. All doubts as to whether a duty to defend exists are resolved against the insurer and in favor of the insured. *Tri-S Corp. v. W. World Ins. Co.*, 110 Hawai'i 473, 488, 135 P.3d 82, 97 (2006).

The insurer owes a duty to indemnify the insured "'for any loss or injury which comes within the coverage provisions of the policy, provided it is not removed from coverage by a policy exclusion.'" *State Farm Fire & Cas. Co. v. Cabalis*, 80 F. Supp. 3d 1116, 1122 (D. Haw. 2015) (quoting *Dairy Rd. Partners,* 92 Hawai'i at 413, 992 P.2d at 108). An insurer is "*not* required to disprove any *possibility* that its insured might be liable for a claim asserted in the underlying lawsuits." *Dairy Rd. Partners*, 92 Hawai'i at 413, 992 P.2d at 108 (*emphasis* in original; emphasis added).

As a result, whether U.S. Fire has a duty to defend or indemnify Ramiro against claims in the Underlying Lawsuit is based on an analysis according to the Hawaii "complaint allegation rule." In this case, the analysis largely rests on whether Ramiro, an employee of Siu's Electric, is an "insured" under the Policy.

### 2. Comparison of the Underlying Complaint Allegations to the CGL Coverage in the U.S. Fire Policy

Pursuant to the US Fire Policy, "Section II - Who is an Insured", Section 2(a),

> **SECTION II – WHO IS AN INSURED**
> \*     \*     \*
> **2.**   Each of the following is also an insured:
> **a.**   Your "volunteer workers" only while performing duties related to the conduct of your business, **or your employees**, …, **but only for acts within the scope of their employment by you [Siu's Electric] or while performing duties related to the conduct of your [Siu's Electric's] business**.  [Emphasis added].

Ramiro, as an employee of Siu's Electric on or about December 18, 2015, would have been an insured under the Policy but "only for acts within the scope of [Ramiro's] employment by [Siu's Electric] or while performing duties related to the conduct of [Siu's Electric's] business."

The Underlying Complaint alleges that Ramiro knew that Siu's Electric prohibited its employees from mixing gasoline and acetylene and that Ramiro had been warned prior to the December 1, 2015 Christmas Party that he was not to mix gasoline and acetylene, based on previous incidents of him doing so.  ECF No. 1-1.  Notwithstanding, the Underlying Complaint alleges that Defendant Ramiro obtained acetylene and gasoline from an unlocked storage locker and mixed the acetylene and gasoline in a trash bag at the end of the December 1, 2015 Christmas Party that without warning caused the explosion and loud sound that allegedly injured the Underlying Plaintiffs.  *Id.*

Comparing these alleged actions by Ramiro to the "Who is an Insured" Section, (2)(a) of the CGL Coverage Part, Ramiro is only an insured under the Policy for acts "within the scope of [Ramiro's] employment by [Siu's Electric] or while performing duties related to the conduct of [Siu's Electric's] business." According to the allegations of the Underlying Complaint, Ramiro had previously been prohibited by his employer from mixing acetylene and gasoline together after having done so previously. *Id*. Actions that are prohibited by an employer do not fall within the scope of employment or performing duties related to the conduct of the business, in this case Siu's Electric's business. *See generally, Federal. Ins. Co. v. Ward*, 166 Fed. Appx. 24, 2006 WL 172266 (4th Cir. Jan 24, 2006). In that case, the court held that two employees who, contrary to the employer's policy, flicked ashes into a trash can filled with paper that caused a fire were not insureds under a liability policy with identical language as that in the U.S. Fire Policy in this case. The court held "as a matter of law that under the language of the liability section of the [employer's CGL policy], the Employees were not insureds when they flicked ashes into a trash can containing paper. That act was neither within the scope of their employment, nor in performance of a job-related duty." *Id*. at 30.

Under Hawaii law, for an employee's act to be "within the scope of employment" in the context of assessing liability to the employer on the basis of

13

*respondeat superior*, there usually must be some direct benefit to the employer and a showing that the employee intended to act in the employer's interest. *Kang v. Charles Pankow Associates*, 5 Haw. App. 1, 8, 675 P.2d 803, 808 (1984) (citing *Costa v. Able Distributors, Inc.*, 3 Haw. App. 486, 490, 653 P.2d 101, 105 (1982); Restatement (Second) of Agency § 228 (1958)). The *Kang* court also stated that "where the facts are susceptible of but one reasonable conclusion, the question may become a question of law for the court." *Id.* at 8, 675 P.2d at 808.

Here, as Ramiro's supervisors had previously prohibited Ramiro from mixing acetylene and gasoline together, Ramiro's contrary actions at the end of the 2015 Christmas party were clearly not "within the scope" of Ramiro's employment at Siu's Electric nor was he "performing duties relating to the conduct" of Siu's Electric's business. As a result, Ramiro was not an insured pursuant to the U.S. Fire Policy's "Section II – Who is an Insured," and the Underlying Plaintiffs' claims against Ramiro are not covered claims.

Based on the above, this Court thus finds that U.S. Fire does not owe a duty to defend or indemnify Ramiro pursuant to the subject Policy in the Underlying Lawsuit.[3]

---

[3] It should be noted that the inquiry here of whether Ramiro is an insured under the Policy and whether U.S. Fire owes Ramiro a duty to defend or indemnify the claims against him is very different and apart from an inquiry of whether Siu's Electric may ultimately be liable for Ramiro's actions or whether Ramiro is ultimately liable to Plaintiffs, neither of which are at issue here.

## B. Default Judgment is Appropriate

This Court finds and recommends that the U.S. Fire Motion be granted only as to Ramiro and that default judgment be entered against Ramiro and in favor of U.S. Fire.

Pursuant to Fed. R. Civ. P. 55(b), a default judgment may be entered by the court as follows:

> **(b) Entering a Default Judgment.**
> (1) **By the Clerk.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> (2) **By the Court.** In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

When a court determines whether a default judgment is appropriate under Fed. R. Civ. P. 55, the court may consider the following factors articulated in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986):

> (1) the possibility of prejudice to the plaintiff,
> (2) the merits of plaintiff's substantive claim;
> (3) the sufficiency of the complaint;
> (4) the sum of money at stake in the action;
> (5) the possibility of a dispute concerning material facts;

    (6) whether the default was due to excusable neglect; and
    (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

### 1. Possibility of Prejudice to U.S. Fire

Without default judgment, U.S. Fire asserts that it will be without other recourse for a determination that U.S. Fire need not continue to provide a defense to Ramiro in the Underlying Lawsuit and that potentially U.S. Fire could be required to pay an award entered against Ramiro. U.S. Fire has asserted that it is entitled to a resolution of whether coverage is owed under the policies and to avoid any further unnecessary expenditure of resources. As there is a substantial likelihood that U.S. Fire will suffer prejudice if Default Judgment is not granted, this factor supports default judgment against Ramiro.

### 2. The Merits of U.S. Fire's Substantive Claim of No Coverage for the Underlying Plaintiffs' Claims Against Ramiro

As diversity is the basis for jurisdiction in this case, Hawaii substantive law governs the coverage issue of whether U.S. Fire owes Ramiro a duty to defend and to indemnify under the Policy. Pursuant to the coverage analysis above according to Hawaii's "complaint allegation rule," Ramiro was not acting within the scope of his employment nor performing duties in the conduct of his employer's business. As a result, he is not an insured under the Policy and U.S. Fire does not owe a duty to defend or indemnify Ramiro in the Underlying Lawsuit. The merits of U.S. Fire's claims thus support default judgment against Ramiro.

### 3. Sufficiency of the Complaint

U.S. Fire has pled its case based upon evidence of diversity jurisdiction and the necessity for U.S. Fire to obtain a declaratory judgment pursuant to 28 U.S.C. § 2201 seeking a judicial declaration that, as a matter of law, U.S. Fire has no duty to defend or indemnify Ramiro for any of the claims asserted against him. In support of U.S. Fire's coverage analysis on the duty to defend or indemnify Ramiro, the Underlying Complaint and Policy were attached to U.S. Fire's Complaint. As U.S. Fire has satisfactorily demonstrated that the analysis of the Underlying Complaint and the relevant Policy provides that there is no coverage for the claims and allegations against Ramiro in the Underlying Complaint, the Court finds that the Complaint was sufficient. As such, this factor weighs in favor of a default judgment against Ramiro.

### 4. The Sum of Money at Stake in the Action

U.S. Fire seeks no monetary damages or award and thus no proof hearing as to monetary damages is required. As such, this factor weighs in favor of default judgment against Ramiro.

### 5. The Possibility of a Dispute Concerning Material Facts

Ramiro has not appeared to dispute the facts notwithstanding his involvement as a defendant in the Underlying Lawsuit and the proper service by Plaintiff of the Complaint, Notice of Entry of Default and the Motion for Default

Judgment on him in this case. Ramiro has had ample opportunity to appear and contest the allegations in the Complaint.

Siu's Electric does not oppose the Motion for Default Judgment. Also, the construction of the U.S. Fire policy is undertaken by the court as a matter of law and U.S. Fire's claim for declaratory relief requires the court to compare the allegations of the Underlying Complaint with the coverage provided by the U.S. Fire Policy. As the allegations of the Underlying Complaint against Ramiro fall outside the coverage provided by the Complaint, the issue of whether there may be the possibility of a dispute of the facts is not relevant for this analysis. As such, this factor weighs in favor of default judgment.

### 6. Whether Default Was Due to Excusable Neglect

Ramiro was served with a Complaint and Summons in this case after the ongoing proceedings of the Underlying Lawsuit in which he is being provided a defense by U.S. Fire. As a result, the Underlying Lawsuit's allegations against Ramiro are known to him, and he neither answered the Complaint, filed any motion pursuant to FRCP Rule 12, moved to set aside the Entry of Default, opposed the Motion for Default Judgment, contacted counsel for U.S. Fire, or otherwise defended this declaratory judgment lawsuit. There is no evidence that Ramiro's failure to appear or defend results from excusable neglect and, as such, this factor weighs in favor of default judgment against Ramiro.

### 7. Policy Favoring Decision on the Merits

U.S. Fire asserts that further proceedings in this matter would be futile and a waste of resources by U.S. Fire and the Court. U.S. Fire is entitled to a judicial determination of whether it is obligated to defend and indemnify Ramiro. In the clear absence of that obligation as demonstrated by the analysis above, the judicial policy favoring a decision on the merits is not abrogated here and as such also weighs in favor of default judgment against Ramiro.

Applying all of the above to the present case, the record shows that the Complaint and Summons were served upon Ramiro on July 18, 2018. ECF No. 8. Ramiro did not answer or otherwise defend against U.S. Fire's Complaint and the time to do so, as provided by the Federal Rules of Civil Procedure or any other rule of the Court, has expired. *See* ECF No. 13. Entry of Default was entered against Ramiro by the Clerk of the Court on August 31, 2018. ECF No. 14. Ramiro has not moved to set aside the default entered against him and has neither opposed U.S. Fire's Motion nor appeared at the hearing for said Motion. *See* ECF No. 27. Based on Ramiro's default, and the allegations in U.S. Fire's Complaint, the records and files herein, this Court finds that the *Eitel* factors, cited and analyzed above, weigh in favor of default judgment against Ramiro.

Accordingly, and because the Policy does not afford Ramiro coverage for the claims in the Underlying Lawsuit, default judgment in favor of U.S. Fire and against Ramiro is appropriate.

## III. CONCLUSION

For the foregoing reasons, this Court FINDS and RECOMMENDS that the district court GRANT Plaintiff U.S. Fire's Motion for Default Judgment only as to Ramiro.

DATED: Honolulu, Hawaii, December 31, 2018.

IT IS SO FOUND AND RECOMMENDED.



Kenneth J. Mansfield
United States Magistrate Judge

*United States Fire Ins. Co. v. Siu's Elec. Corp., et al.*, CV 18-00233 JAO-KJM; FINDINGS AND RECOMMENDATION GRANTING PLAINTIFF UNITED STATES FIRE INSURANCE COMPANY'S MOTION FOR DEFAULT JUDGMENT ONLY AS TO ROMEO RAMIRO